86 F.3d 1161
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jong Tae AHN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70690.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1996.*
Decided May 29, 1996.
 
 Before: HALL, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner, Jong Tae Ahn, argues that the Board of Immigration Appeals ("BIA") was required to articulate specific detailed reasons for denying his petition, instead of just incorporating the immigration judge's opinion by reference. Petitioner's argument cannot be reconciled with our holding in Alaelua v. INS, 45 F.3d 1379, 1381-82 (9th Cir.1995).
 
 
 3
 Ahn also argues that the BIA abused its discretion by giving too much weight to some negative factors or absence of positive factors in denying him discretionary relief under 8 U.S.C. § 1182(c). We review the denial of such relief for abuse of discretion. Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987). There was no abuse in this case.
 
 
 4
 Ahn's family connections were weak. He had run away from home. His father lives in Korea, and Ahn speaks Korean, so any hardship of deportation is especially mitigated in his case. Ahn's work connections with the United States were negligible. Before going to prison, according to his testimony, he committed repeated robberies because he needed money and did not want to work. Since getting out of prison, he had two short-term jobs and was fired from both. He was fired from the second job because he did not have a green card, yet he made no serious efforts to get one. His robberies were serious and repeated, and although he denies use of a weapon, he was adjudged to have committed a robbery by threatening the victim with a razor blade. There was no substantial evidence that hardship would be imposed on anyone else if Ahn were deported because there was no evidence that he was doing anything for the benefit of anyone else. We need not decide whether Ahn would need "outstanding equities" to justify discretionary relief under Ayala-Chavez v. INS, 944 F.2d 638, 641 (9th Cir.1991), as the INS contends, because Ahn does not have sufficient equities in his favor even at a less demanding standard.
 
 
 5
 Because Ahn does not prevail on the merits, his request for fees under 28 U.S.C. § 2412(d)(1)(A) is DENIED. The petition is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3